UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNIE BROWDER,

        Petitioner,

                              Civil No. 04-387-HA

   v.

BRIAN BELLEQUE,                      OPINION AND ORDER

        Respondent.

_____

HAGGERTY, Chief Judge:

      Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and subsequently

was appointed counsel. Counsel obtained five extensions for filing briefing in support of his petition,

and ultimately advanced three motions in addition to this petition: a Motion to Strike Respondent's

Exhibit 124 [39]; a Motion to Consider Pleading as Both a Habeas Corpus Petition as Well as a 42

U.S.C. § 1983 Action [42], and a Motion for Settlement Conference [43]. For the following reasons,

these motions are denied.

1  -- OPINION AND ORDER

**BACKGROUND**

Petitioner was released from custody in March 1992 by the Board of Parole (the Board) after petitioner served 111 months of incarceration for committing Robbery in the First Degree and Kidnapping in the Second Degree in Multnomah County, Oregon, in November 1982. Petitioner received sentences of fourteen years for robbery and eight years for kidnapping. Petitioner also was given a twenty-year concurrent sentence for one robbery, and a consecutive twenty-year sentence for a second robbery.

As one condition of petitioner's early release in March 1992, he was placed under a twelve-month minimum period of supervision by a parole officer. Petitioner was also given notice that any discharge prior to the expiration date of his sentence required a favorable recommendation by the parole officer and approval from the Board. After petitioner was released from custody in March 1992, a tentative parole discharge date of March 26, 1993, was selected.

Petitioner's initial dispute consisted of allegations that his tentative parole discharge date of March 26, 1993, passed without any action by the Board or petitioner's parole officer, and that he was materially compliant with the terms of his release for over three years from his release in March 1992. Petitioner contended that no action was taken regarding his parole status until October 1995, when petitioner's parole officer recommended revocation of petitioner's parole because petitioner committed six parole violations and had an unsatisfactory compliance history.

Beginning in October 1995, petitioner began incurring a series of release revocations. His parole was revoked a total of six times between 1995 and 1999, and petitioner served sanctions of 180 days; ninety days; ninety days; ninety days; and 143 days. Petitioner's parole was revoked finally in June 1999. At the ensuing hearing, the Board concluded that petitioner could not be controlled in the

community adequately, and petitioner's release date was set for May 2014, after serving a term of 181 months of incarceration.

Petitioner sought a writ of habeas corpus in the Marion County Circuit Court.  Resp.'s Answer, Ex. 102.  This petition was dismissed with prejudice by Marion County.  Resp.'s Answer, Ex. 108.  Petitioner appealed to the Oregon Court of Appeals.  Resp.'s Answer, Ex. 109.  That court affirmed without opinion on November 27, 2002.  Resp.'s Answer, Ex. 114.  Petitioner petitioned the Oregon Supreme Court for review.  Resp.'s Answer, Ex. 112.  That petition was denied.  Resp.'s Answer, Ex. 113.

In April 2003 petitioner petitioned the Oregon Court of Appeals for judicial review of the Board's denial of petitioner's request for administrative review that was dated March 14, 2003.  Resp.'s Answer, Ex. 115.  Respondent moved to dismiss that petition.  Resp.'s Answer, Ex. 116.  The Oregon Court of Appeals granted respondent's motion to dismiss on September 9, 2003.  Resp.'s Answer, Ex. 118.  The Oregon Supreme Court denied review on January 27, 2004.  Resp.'s Answer, Ex. 120.

As stated in petitioner's briefing, the "argument in this [federal] proceeding is in the context of his request that the Board consider him for discharge from parole in 2003."  Pet.'s Resp. to Resp't's Reply to Memo. Supp. of Pet. Habeas Corpus at 2.  This explanation compels focus upon petitioner's petition to the Oregon Court of Appeals for judicial review of the Board's March 14, 2003, denial of petitioner's request for administrative review, Resp.'s Answer, Ex. 115, and the Oregon Court of Appeals's decision to grant respondent's motion to dismiss that petition.  Resp.'s Answer, Ex. 118.  This court notes that in the briefing relevant to that state action, petitioner argued in part that respondent erred in failing to discharge him from parole in 1993.  *See* Resp.'s Answer, Exs. 115 and 117.

Petitioner has filed at least two federal petitions for habeas corpus.  On December 8, 2003, petitioner filed his first petition, which is no longer before this court.  That petition sought release due

to respondent's failure to grant petitioner discharge from parole in 1993. The petition was denied as barred for untimeliness under the applicable one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Because the factual predicate for that claim was the Board's initial parole revocation order in 1995, which arose before the AEDPA was enacted, petitioner had one year from the enactment of the AEDPA, or until April 24, 1997, to seek relief. *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). Accordingly, the petition was barred by the one-year statute of limitation in the AEDPA because it was not filed by the AEDPA's April 24, 1997, deadline, and could not be saved under the doctrine of equitable tolling. *See Browder v. Belleque*, Civil No. 03-1691-AA, Opinion, Order and Judgment Issued October 31, 2005.

That ruling pertains equally to the petition advanced by petitioner on March 16, 2004, which is the subject of this Opinion and Order. To the extent that petitioner here reiterates or advances any arguments already addressed in his previous action, this court formally adopts the analysis and ruling expressed in Judge Aiken's well-reasoned and thorough Opinion and Order.

Accordingly, petitioner's request for relief for any circumstances or conditions arising out of his continued parole status after 1993 is denied for reasons already set forth in Civil No. 03-1691. However, because both parties filed supplemental and amended briefing in this action that realigns the the focus of petitioner's claims, this analysis proceeds to address aspects of petitioner's arguments that could be distinguishable from his previous action before Judge Aiken. Specifically, petitioner appears to redirect his challenge to target a decision by the Board in 2003: "The essence of [petitioner's] claim is that [the] Board erred when it failed to consider his discharge upon his application for such consideration in 2003." Pet.'s Resp. to Resp't's Reply to Memo. Supp. of Pet. Habeas Corpus at 2.

Petitioner also seeks consideration of his claims in light of the recent decision by the Oregon Supreme Court in *Richards v. Board of Parole and Post-Prison Supervision*, 339 Or. 176 (2005).  In that decision, the Oregon Supreme Court re-interpreted the terms "adversely affected or aggrieved" in Oregon Revised Statute § 144.335, the statutory provision that authorizes judicial review of Parole Board orders.

Finally, petitioner moves to convert his petition into an action that encompasses both a habeas petition and a claim under 42 U.S.C. § 1983.  This motion is addressed below.

Petitioner's other pending motions – to compel a settlement conference and to strike an exhibit filed in support of arguments pertaining to petitioner's parole status in 1993 – have been rendered moot and are denied as such.  The exhibit at issue in the Motion to Strike was not relied upon in this court's reasoning.

**STANDARDS**

Pursuant to 28 U.S.C. § 2254(d)(1) and (2), a writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established law; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court.

The exhaustion doctrine requires a state prisoner to "give the state courts an opportunity to act" on claims before they are presented to a federal court in a habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).  A federal district court can grant a state prisoner's habeas petition only if:

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B)       (i) there is an absence of available State corrective process; or
          (ii) circumstances exist that render such process ineffective to protect the rights
          of the applicant.

28 U.S.C. § 2254(b)(1).

A state prisoner has exhausted all state remedies if the applicant does not have the right under state law "to raise, by any available procedure, the question presented." *See* § 2254(c). This provision requires a state prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review system." *O'Sullivan,* 526 U.S. at 845. Determining whether a petitioner has satisfied the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under state law." *Id.* at 847.

The doctrine of procedural default is distinct from exhaustion requirements. *See Franklin v. Johnson,* 290 F.3d 1223, 1230 (9th Cir. 2002) ("Exhaustion and procedural default are distinct concepts in the habeas context"), citing *Francis v. Rison,* 894 F.2d 353, 355 (9th Cir. 1990). "The two doctrines developed independently and on different grounds, apply in different situations, and lead to different consequences." *Franklin,* 290 F.3d at 1230.

The procedural bar doctrine "has its historical and theoretical basis in the 'adequate and independent state ground' doctrine." *Harris v. Reed,* 489 U.S. 255, 260 (1989), citing *Wainwright v. Sykes,* 433 U.S. 72, 78-79 (1977). The adequate and independent state ground doctrine provides that federal courts are precluded from considering "an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both independent of the merits of the federal claim and has an adequate basis for the court's decision." *Harris,* 489 U.S. at 260. Federal courts can review procedurally defaulted claims only if the petitioner "can demonstrate cause for the default and actual prejudice as a result," or can demonstrate a miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Procedural default bars federal habeas review in cases in which the state court has declined to address a petitioner's federal claims because the petitioner failed to meet state procedural requirements.

6  -- OPINION AND ORDER

*Insyxiengmay v. Morgan*, 403 F.3d 657, 665-66 (9th Cir. 2005) (procedural default is a particular type of adequate and independent state ground), citing *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995).

As the Supreme Court explained in *Coleman*:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court [the Supreme Court] could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Coleman*, 501 U.S. at 730-31; *see also Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004) (same).

After the government pleads the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. The burden then shifts back to the government, which bears the ultimate burden of proving the adequacy of the relied-upon ground. *King v. Lamarque*, 464 F.3d 963, 966-67 (9th Cir. 2006), citing *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

In summary, the procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'" *Franklin*, 290 F.3d at 1230-31, quoting *Harris*, 489 U.S. at 263 & n. 9.

By contrast, the exhaustion doctrine applies when "the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law." *Franklin*, 290 F.3d at 1230, citing 28 U.S.C. § 2254(c).

7  -- OPINION AND ORDER

**ANALYSIS**

The court has considered all of the briefs submitted by petitioner, the responses filed by the government, and the record of this case.  An evidentiary hearing in this matter is unnecessary.

Here, respondent waives any AEDPA statute of limitations argument as to the remaining issues identified by petitioner, which involve the Board's decision regarding petitioner in 2003.  Instead, respondent contends that petitioner has failed to exhaust state remedies, and/or has procedurally defaulted and fails to demonstrate either cause for the default and actual prejudice or a miscarriage of justice.

At the outset of this analysis, this court acknowledges that the Oregon Supreme Court vacated a decision of the Court of Appeals regarding petitioner on September 27, 2005, and remanded that action to the Court of Appeals "for reconsideration in light of *Richards v. Board of Parole*, 339 Or. 176, 118 P.3d 261 (2005)."  *See Browder v. Board of Parole and Post-Prison Supervision*, 122 P.3d 63 (Table) (Or. 2005).

Counsel have not commented upon this remand and it is unclear as to whether the Oregon Supreme Court's ruling pertains to litigation relevant to this petition.  The Oregon Court of Appeals granted the Board's motion to dismiss the petition that is the focus of this habeas action on September 9, 2003.  *See* Resp.'s Answer, Ex. 118.  That dismissal is numbered "CA A121348," a number that does not appear on the Oregon Supreme Court's ruling on September 27, 2005.  Moreover, counsel for petitioner filed an Amended Sur-Response to Respondent's Reply to Petitioner's Motion on October 18, 2005 – three weeks after the Oregon Supreme Court's ruling – that was silent regarding the remand. Counsel for respondent also has not mentioned the ruling.

Presumably, the September 27, 2005, ruling by the Oregon Supreme Court pertains to another action being pursued by petitioner.  It may be indicative that state remedies remain unexhausted, at least  in that action.

Here, the Oregon Court of Appeals granted respondent's motion to dismiss petitioner's claim that is at the heart of this habeas action.  This dismissal rested upon on three distinct grounds:  (1) the court lacked "direct judicial review jurisdiction of a claimed wrongful Board *failure to act*" (emphasis in original); (2) petitioner's failure to seek judicial review of any Board order following 1993 established that petitioner was "not adversely affected or aggrieved in a cognizable way by the order denying administrative review;" and (3) petitioner failed to exhaust his administrative review remedy because he did not "identify any . . . Board order that the Board issued within 45 days of [petitioner's] request for administrative review."  Resp.'s Answer, Ex. 118.

Accordingly, petitioner's claims supporting his federal habeas petition have been procedurally defaulted.  The Oregon Court of Appeals' ruling on September 9, 2003, constitutes independent and adequate state law grounds – that the court lacked jurisdiction to address allegations that the Board failed to act regarding his parole status, and that his request for administrative review did not identify an order the Board had issued within forty-five days of that request – which preclude consideration of this petition.  As noted above, the doctrine of procedural default bars a petitioner who has defaulted on his claims in state court from raising them in federal court so long as the default is "pursuant to an independent and adequate state procedural rule."  *Coleman*, 501 U.S. at 750 (unless cause and prejudice are demonstrated or a fundamental miscarriage of justice would result).  Here, the state adequately pled an independent and adequate state procedural ground, and petitioner has failed to come forward with "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule."  *Bennett*, 322 F.3d at 586; *see also*

9  -- OPINION AND ORDER

*Carter v. Giurbino*, 385 F.3d 1194, 1197-98 (9th Cir. 2004).  The state has met its burden.  Petitioner presents no persuasive argument or evidence challenging that at least two of the court of appeals' grounds for dismissal are valid.

In light of the confusing status of petitioner's litigation following the *Richards* decision, this court ventures no supposition as to the Oregon Supreme Court's view on the second ground cited by the Oregon Court of Appeals in this matter.  However, the first and third grounds are valid and confirm that the Oregon Court of Appeals' Order of September 9, 2003, presents an adequate and independent ground for denying the petition here.  Moreover, petitioner makes no persuasive demonstration of cause and prejudice or that a fundamental miscarriage of justice results from a dismissal of his petition.  "If a state procedural bar is an adequate and independent ground warranting dismissal, relief by writ of habeas corpus is foreclosed in federal court unless the petitioner can show cause for the procedural default and resulting prejudice, or show that a failure to consider his claims would result in a fundamental miscarriage of justice."  *Casey*, 386 F.3d at 920, citing *Coleman*, 501 U.S. at 750.

Accordingly, for these reasons, this petition must be denied.

Finally, petitioner moves to convert his petition into an action that encompasses both a habeas petition and a claim under 42 U.S.C. § 1983.  Specifically, by this motion petitioner initially sought the following alternative relief:

> 1) An order declaring that the Board lacked authority to deny [petitioner's] re-release from prison in 1999 and enjoining the Board to issue a certificate of discharge; or

> 2) Alternatively, an order declaring that the Board failed to follow the statute and rules in effect at the time of [petitioner's] convictions and [an order] enjoining the Board to exercise any remaining authority and discretion consistent with the law applicable at the time of [petitioner's] convictions and consistent with how that discretion was exercised prior to the amendments of the applicable law.

Pet'rs Mot. to Consider Pleading as Both a Habeas Corpus Pet. as Well as a 42 U.S.C. § 1983 Action at 2.

Petitioner concedes that his first prayer for relief is improper.  *See* Amended Sur-Resp. to Resp'ts Reply to Pet'rs Mot. to Consider Pleading Both as a Habeas Corpus Petition and as a 42 U.S.C. § 1983 Action at 2 ("Mr. Browder acknowledges, however, that one of his requests for relief is not available . . . .  Mr. Browder prayed for an injunction directing the [Bureau of Prisons] to issue a certificate of discharge.  Because this relief would result in Mr. Browder's release, it is not appropriate and that prayer is withdrawn.").  Accordingly, the court is left to decide whether petitioner may properly convert his action into a § 1983 action seeking only "an order declaring that the Board failed to follow the statute and rules in effect" when petitioner was convicted, and injunctive relief that would compel the Board "to exercise any remaining authority and discretion consistent with the law applicable" when petitioner was convicted and "consistent with how that discretion was exercised prior to the amendments of the applicable law."  Pet'rs Mot. to Consider Pleading as Both a Habeas Corpus Petition as Well as a 42 U.S.C. § 1983 Action at 2.

That prayer for relief is not a model of clarity.  Nevertheless, it is clear that this motion renews a recently examined question:  "'the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus.'"  *Osborne v. Dist. Att'y's Office for Third Judicial Dist.*, 423 F.3d 1050, 1052-53 (9th Cir. 2005), quoting *Docken v. Chase*, 393 F.3d 1024, 1027 (9th Cir. 2004) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  The *Osborne* court summarized this issue:

> As the Supreme Court has recognized, state prisoners have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254, and a civil suit under 42 U.S.C. § 1983.  Of course, while a habeas petition may ultimately secure release, habeas relief is often barred by procedural hurdles.  By contrast, a § 1983 suit will not result in release, but is generally not barred by a failure to exhaust state remedies.

*Osborne*, 423 F.3d at 1053.

The United States Supreme Court reviewed applicable authorities recently and further clarified this issue:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The *Osborne* court recognized that *Dotson* "erases any doubt" that the "favorable termination" requirement applies.  The favorable termination requirement is applicable where a prisoner's § 1983 action, if successful, would necessarily imply the invalidity of the prisoner's conviction or sentence; when that is the case, the action must be dismissed unless the prisoner can demonstrate that the conviction or sentence has already been invalidated.  *Osborne*, 423 F.3d at 1053, citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Docken*, 393 F.3d at 1027-28.

Any reasonable interpretation of petitioner's second prayer for relief – a request for injunctive relief that would compel the Board to exercise discretion "consistent with the law applicable at the time of petitioner's convictions" – compels the conclusion that success "would necessarily demonstrate the invalidity of confinement or its duration" experienced by petitioner.  Accordingly, the attempt to now present this claim under 42 U.S.C. § 1983 must, pursuant to *Dotson*, be denied.

Moreover, this court agrees with respondent's contentions that petitioner failed to adequately plead the elements and parties necessary in a action brought under § 1983.  This court is unconvinced that, as petitioner asserts, reasonably adequate pleadings could be gleaned from his habeas petition, or that the court could undertake such an exercise without inflicting unfair prejudice upon respondent.

**CONCLUSION**

For the reasons provided above, the court denies the petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  Moreover, petitioner's Motion to Strike Respondent's Exhibit 124 [39]; Motion to Consider Pleading as Both a Habeas Corpus Petition as Well as a 42 U.S.C. § 1983 Action [42], and Motion for Settlement Conference [43] are all denied.  This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this    9    day of November, 2006.


                    /s/ ANCER L. HAGGERTY
                    Ancer L. Haggerty
                    United States District Judge